UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONG VAN NGUYEN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PATRICIA HYDE, Acting Director of the Boston ) <br> Field Office, U.S. Immigration and Customs ) <br> Enforcement; ) <br> TODD LYONS, Acting Director of the U.S. ) <br> Immigration and Customs Enforcement; ) <br> KRISTI NOEM, Secretary of the U.S. Department ) <br> of Homeland Security; and ) <br> PAMELA BONDI, Attorney General of the ) <br> United States, in their official capacities, ) <br> ) <br> Respondents. ) <br> ) | Case No. 1:25-cv-11470 |

# PETITION FOR WRIT OF HABEAS CORPUS

## PURSUANT TO 28 U.S.C. § 2241

*INTRODUCTION*

1. Respondents have unlawfully held Petitioner Dong Van Nguyen in immigration detention at the Department of Homeland Security's Boston Field Office in Burlington, MA since May 21, 2025, even though the federal government has no significant likelihood of removing him from the United States.

2. After the Vietnam War, Mr. Nguyen fled Vietnam and entered the United States as a refugee in 1980.

3. On December 8, 1992, an Immigration Judge issued a final order designating Mr. Nguyen's removal to Vietnam based on a prior criminal conviction in Massachusetts.

4. Mr. Nguyen has previously been detained by the U.S. Immigration and Customs Enforcement ("ICE") and its predecessor Immigration and Naturalization Service ("INS") at least three times since his initial removal order.

5. Over the decades, INS and ICE have not been able to procure travel documents for Mr. Nguyen's repatriation to Vietnam but have kept him in prolonged detention.

6. Mr. Nguyen was last released on an Order of Supervision ("OSUP") over a decade ago.

7. Since his last release over a decade ago, Mr. Nguyen has not violated the terms of his OSUP.

8. Most recently, the government revoked Mr. Nguyen's release on OSUP and detained Mr. Nguyen for the purpose of removing him.

9. ICE has not shown that travel documents for Vietnam have been issued.

10. ICE has not shown that Mr. Nguyen is a risk of flight or a danger to the community prior to additional detainment.

11. ICE has not shown that Mr. Nguyen was not in compliance with his current OSUP.

12. Because Mr. Nguyen's recent detention is not tied to any foreseeable removal or to ensure that Mr. Nguyen does not flee or pose a danger to the community prior to such removal, Mr. Nguyen's current detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment of the United States Constitution. Accordingly, Mr. Nguyen is entitled to an order requiring his immediate release and enjoining Respondents from re-detaining him unless his removal is reasonably foreseeable.

## JURISDICTION & VENUE

13. The Court has jurisdiction under 28 U.S.C. § 2241 and Article I, Section 9, Clause 2 of the U.S. Constitution ("Suspension Clause"), as Petitioner is currently in custody under

color of the authority of the United States in violation of the Constitution, laws, or treaties thereof.

14. Venue lies in the U.S. District of Massachusetts because Petitioner is currently detained at the Boston Field Office in Burlington, Massachusetts and a substantial part of the events or omissions giving rise to his claims occurred in Massachusetts. 18 U.S.C. §§ 1391, 2241.

*PARTIES*

15. Petitioner Nguyen is a resident of Massachusetts who arrived at the United States as a refugee and who is presently being detained for immigration purposes at the direction of the Department of Homeland Security's ICE office.

16. Respondent Hyde is the Acting Director of the Boston Field Office, U.S. Immigration and Customs Enforcement and is being sued in her official capacity.

17. Respondent Lyons is the Acting Director of the U.S. Immigration and Customs Enforcement and is being sued in his official capacity.

18. Respondent Noem is the Secretary of the U.S. Department of Homeland Security and is being sued in her official capacity.

19. Respondent Bondi is the Attorney General of the United States and is being sued in her official capacity.

*FACTS*

20. Mr. Nguyen was born in Vung Tau, Vietnam and is currently 64 years old. He is a grandfather and father of U.S. citizen grandchildren and children.

21. In 1980, Mr. Nguyen fled Vietnam as a refugee after the Vietnam War and was placed in a refugee camp in Singapore.

22. In November 1980, Mr. Nguyen lawfully entered the U.S. as a refugee.

23. Mr. Nguyen later adjusted his status as a Legal Permanent Resident on February 11, 1982.
24. On December 8, 1992, Mr. Nguyen was ordered removed by an Immigration Judge in Boston due to a prior 1992 Massachusetts criminal conviction. Vietnam was designated as the country of removal.
25. Mr. Nguyen was taken into the custody of INS after his removal order. INS was unable to repatriate him during his initial detainment.
26. At the time, the U.S. and Vietnam did not have diplomatic relations. No existing repatriation agreement existed between the U.S. and Vietnam
27. On May 26, 1994, Mr. Nguyen was released from INS custody on an Order of Supervision ("OSUP").
28. On or about 1995, Mr. Nguyen's release was revoked because of another criminal conviction. As a result, INS detained Mr. Nguyen upon his release from incarceration.
29. That same year, the U.S. and Vietnam established diplomatic relations. However, there was still no existing repatriation agreement between the U.S. and Vietnam.
30. During this period, INS was unable to obtain any travel documents from the Embassy of the Socialist Republic of Vietnam on behalf of Mr. Nguyen.
31. After being held in INS detention, Mr. Nguyen was later released from INS custody on an Order of Supervision on or about March 7, 2000. Vietnam and the U.S. still did not have any repatriation agreement during this period.
32. In 2011, Mr. Nguyen received a federal conviction and was imprisoned. He was subsequently released from incarceration and transferred to ICE custody.
33. While he was in ICE custody, the U.S. government was unable to obtain travel documents from the Embassy of the Socialist Republic of Vietnam.

34. The 2008 repatriation agreement signed between the U.S. and Vietnamese repatriation did not have a provision to accept any individuals, like Mr. Nguyen, with a removal order who came to the U.S. before July 12, 1995.

35. Upon his last detainment, ICE released Mr. Nguyen on June 6, 2014 on an OSUP.

36. Although the Vietnamese and U.S. Government signed a 2020 Memorandum of Understanding to allow for repatriation for certain individuals with removal orders who arrived in the U.S. before 1995, ICE has not shown that Mr. Nguyen is one of the individuals eligible for repatriation.

37. Since his last release over a decade ago, Mr. Nguyen has no recent criminal convictions and has remained compliant with his OSUP terms. Most recently, he was checking in with ICE on at least a yearly basis virtually.

38. Since his last release over a decade ago, Mr. Nguyen has supported his younger brother and continues to have a close relationship with his U.S. citizen children and grandchildren.

39. Since his last release over a decade ago, Mr. Nguyen has worked steadily in the hardwood flooring industry.

40. Since his last release over a decade ago, ICE has failed to procure travel documents from the Embassy of the Socialist Republic of Vietnam or effect his removal to Vietnam.

41. During his virtual email check-in to the Boston ICE Field Office in March 2025, Mr. Nguyen was instructed to go in person to the Burlington, Massachusetts office on April 30, 2025.

42. At his check-in, he was instructed to report to the Alternatives to Detention Program for the Intensive Supervision Appearance Program ("ISAP"). ICE did not develop a

departure plan for him at this point, and his ISAP case worker instructed him to begin the process of requesting a Vietnamese passport.

43. Mr. Nguyen proceeded to initiate the process of requesting a Vietnamese passport, even though ICE has not indicated that the Government of Vietnam had found Mr. Nguyen eligible for repatriation.

44. As part of the intensive monitoring, Mr. Nguyen was instructed to meet with an ICE Enforcement and Removal Operations officer on May 21, 2025.

45. During this check-in, ICE detained Mr. Nguyen without any warning for the purpose of effecting his removal to Vietnam.

46. At this time, there is still no indication that travel documents to Vietnam have been issued or that the Government of Vietnam has found Mr. Nguyen eligible for repatriation.

47. At the time of his detainment, Mr. Nguyen did not have access to his daily medications and experienced physical symptoms of his illnesses as a result.

48. On the same day of his detention, ICE issued a notice of Mr. Nguyen's revocation of release. ICE indicated that Mr. Nguyen's case is under current review by the Government of Vietnam for the issuance of a travel document. However, ICE did not indicate that the Government of Vietnam has found Mr. Nguyen eligible for repatriation.

49. On May 22, 2025, ICE asked Mr. Nguyen to prepare a request for travel documents to submit to the Vietnamese government while in custody.

50. Mr. Nguyen temporarily remains at the Boston Field Office in Burlington, Massachusetts until ICE can transfer him to another facility.

51. The Declaration of Janet Vo, sworn under penalty of perjury, is attached to this Petition as **Exhibit 1**, and the allegations therein are incorporated hereto by reference – in satisfaction of the requirements of United States Code Title 28, Sections 2242 and 1746.

## FIRST CAUSE OF ACTION – UNLAWFUL DETENTION
## IN VIOLATION OF 8 U.S.C. SECTION 1231(a)

52. The foregoing allegations are realleged and incorporated herein.

53. Mr. Nguyen is currently in the custody of the Respondent under or by color of the authority of the United States, based on his detainment at the ICE Boston Field Office in Burlington.

54. Mr. Nguyen's detention violates 8 U.S.C. § 1231.

55. Mr. Nguyen is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the United States, that Mr. Nguyen is neither a flight risk nor a danger, and that he has not violated conditions of his OSUP or ISAP. Thus, ICE has no permissible basis for depriving Mr. Nguyen of his liberty, in violation of 8 U.S.C. § 1231(a) as well as their respective implementing regulations. A judicial order requiring Mr. Nguyen's release from custody would remedy Respondent's unlawful conduct.

## SECOND CAUSE OF ACTION- UNLAWFUL DETENTION
## IN VIOLATION OF U.S. CONSTITUTION, FIFTH AMENDMENT

56. The foregoing allegations are realleged and incorporated herein.

57. Mr. Nguyen is currently in the custody of the Respondent under or by color of the authority of the United States, based on his detainment at the ICE Boston Field Office in Burlington.

58. Mr. Nguyen's detention violates the U.S. Constitution.

59. Mr. Nguyen is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the United States, that Mr. Nguyen is neither a flight risk nor a danger and that he has not violated conditions of his Order of Supervision. Thus,

ICE has no permissible basis for depriving Mr. Nguyen of his liberty, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

60. A judicial order requiring Mr. Nguyen's release from custody would remedy Respondent's unlawful conduct.

## *REQUEST FOR ORAL ARGUMENT*

61. Mr. Nguyen respectfully requests oral argument on this Petition.

## *PRAYER FOR RELIEF*

Wherefore, Mr. Nguyen respectfully requests that the Court:

A. Order Respondent to immediately release Mr. Nguyen from DHS custody;

B. Order that Respondents provide the Court and Mr. Nguyen's counsel with at least two days' notice prior to any removal from Massachusetts;

C. Award Petitioner attorney's fees and costs pursuant to the Equal Access to Justice Act, and on any other basis justified under the law; and

D. Grant such other relief that is deemed just and proper by the Court.

Respectfully submitted,

DONG VAN NGUYEN,

Dated: May 22, 2025

By his attorney,

*/s/ Janet H. Vo*

_____
Janet H. Vo, BBO# 694402
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
(617) 603-1651
Jvo@gbls.org

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Dong Van Nguyen, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 22nd day of May, 2025.

/s/ Janet H. Vo

Janet H. Vo