UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONG VAN NGUYEN,  )<br>  )<br>  Petitioner,  )<br>  )<br>v.  )<br>  )<br>PATRICIA HYDE, Acting Director of the Boston  )<br>Field Office, U.S. Immigration and Customs  )<br>Enforcement;  )<br>TODD LYONS, Acting Director of the U.S.  )<br>Immigration and Customs Enforcement;  )<br>KRISTI NOEM, Secretary of the U.S. Department  )<br>of Homeland Security; and  )<br>PAMELA BONDI, Attorney General of the  )<br>United States, in their official capacities,  )<br>  )<br>  Respondents.  )<br>_____ ) | Case No. 1:25-cv-11470-MJJ<br><br>Leave to File Granted on 06/05/2025 |

**REPLY IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**

Dong Van Nguyen ("Petitioner") by and through his attorney, respectfully submits this reply to the Respondent's opposition to his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Nguyen was abruptly taken into the Department of Homeland Security's Immigration and Customs Enforcement Custody ("ICE") custody on May 21, 2025, in violation of his Substantive Due Process Rights under the Fifth Amendment.

**FACTUAL BACKGROUND**

**I. MR. NGUYEN'S IMMIGRATION HISTORY AND THE GOVERNMENT'S PRIOR ATTEMPTS AT REMOVAL**

Petitioner Mr. Nguyen is a 64-year-old individual who fled Vietnam as a young adult after the Vietnam War. Doc. No. 1 at ¶¶ 20-21; Declaration of Dong Van Nguyen, Petitioner ("Nguyen Decl."), **Exhibit 1**, filed herewith, at ¶ 1. He entered the United States ("U.S.") as a refugee on November 18, 1980. Doc. No. 1 at ¶ 22; Nguyen Decl. at ¶ 1; Doc. No. 12 at ¶ 8. On

1

February 11, 1982, Mr. Nguyen became a Legal Permanent Resident. Doc. No. 1 at ¶ 23; Nguyen Decl. at ¶ 2. On December 8, 1992, an Immigration Judge issued a removal order to Vietnam due to a criminal conviction. Doc. No. 1 at ¶ 24; Nguyen Decl. at ¶ 4. Subsequently, after his removal order, Mr. Nguyen was placed on an Order of Supervision by Immigration and Naturalization Service ("INS"). Doc. No. 1 at ¶ 27; Nguyen Decl. at ¶ 4. The U.S. government did not remove Mr. Nguyen over the past 30 years due to a lack of an existing repatriation agreement between the United States and Vietnam for individuals who arrived in the U.S. pre-1995 as refugees. Doc. No. 1 at ¶¶ 25–26; Nguyen Decl. at ¶ 10. In 1997, Mr. Nguyen was taken into INS detention for approximately three years and then released on an Order of Supervision ("OSUP") because the U.S. government was unable to repatriate him. Nguyen Decl. at ¶ 5; Doc. No. 1 at ¶ 31. Mr. Nguyen had multiple criminal convictions that resulted in him being on an Order of Supervision in the last three decades, with the most recent release dating back to 2012[1]. Nguyen Decl. at ¶ 7.

## II. MR. NGUYEN'S COMPLIANCE WITH HIS ORDER OF SUPERVISION AND ICE'S RECENT UNLAWFUL DETENTION

Since Mr. Nguyen's 2012 release on OSUP, he has continued checking in with ICE and complied with their terms to the best of his knowledge. *See* Doc. No. 1 at ¶ 37; Nguyen Decl. at ¶¶ 7, 12. At a recent e-mail check-in March 2025, ICE responded that Petitioner must appear in-person at the ICE Boston Field Office in Burlington, Massachusetts on April 30, 2025. Doc. No. 1 at ¶ 41; Nguyen Decl. at ¶ 13. When he checked into the Burlington office on that date, an

---

[1] Petitioner's Writ of Habeas noted that Mr. Nguyen was ordered on OSUP release in 2012 and 2014. From 2012 to 2014, Petitioner was in jail pending a criminal case. When the case was dismissed, ICE issued a subsequent supervision of release form to him in 2014. *See* Doc. No. 1 at ¶¶ 32, 35.

officer directed him to go to the Intensive Supervision Appearance Program ("ISAP") office to enroll in the Alternatives to Detention ("ATD") program. Doc. No. 1 at ¶ 42; Nguyen Decl. at ¶ 14. When he arrived at ISAP, a case specialist installed an ankle bracelet onto his body and a GPS monitoring system on his phone, but no reason was given for changes in his supervisory release. Nguyen Decl. at ¶ 15. He was provided a schedule for in-person and virtual check-ins with ISAP and instructed to begin the process of reaching out to the Vietnamese Consulate to request a Vietnamese passport by July 2025. Nguyen Decl. at ¶ 16; Doc. No. 1 at ¶¶ 42-43; Doc. No. 1-3 at pp. 27-30, Sub-Ex. I.

Mr. Nguyen followed the ISAP case specialist's instructions, but did not know whether there were any anticipated removal plans for him to Vietnam. Doc. No. 1 at ¶¶ 43, 46; Nguyen Decl. at ¶¶ 16–20. ICE had not tried to repatriate him to Vietnam in the last decade. *See* Doc. No. 1 at ¶ 40; Nguyen Decl. at ¶¶ 10–12. Still, he complied with ISAP and ICE directives. He first contacted the Embassy of the Socialist Republic of Vietnam about the process of obtaining a Vietnamese passport. Doc. No. 1 at ¶ 43; Nguyen Decl. at ¶ 17. The process required him to have identity documents, but Mr. Nguyen did not have any to show that he was a native of Vietnam because he fled the country more than 40 years ago and never returned. Nguyen Decl. at ¶¶ 18–19.

On May 21, 2025, Mr. Nguyen attended his scheduled ISAP check-in and provided his progress in acquiring travel documents and was then directed to report to the Burlington Field Office to meet with a deportation officer. Doc. No. 1 at ¶ 44; Nguyen Decl. at ¶ 21. After waiting two hours, Petitioner Nguyen was abruptly taken into ICE custody by officers. Nguyen Decl. at ¶ 21. Mr. Nguyen was told that ICE would try to remove him in the next 90 days by obtaining travel documents. *Id*. He was issued a Notice of Revocation of Release later that day, which

stated that there were "changed circumstances" in his case because ICE had determined that he could be removed pursuant to his removal order, and that his case was "under current review by the Government of Vietnam for the issuance of a travel document." Doc. No. 1-3 at pp. 32-33, Sub-Ex. J; Doc No. 11 at pp.11-12; Doc No. 11-1. Because Mr. Nguyen's primary language is Vietnamese, he is unsure if he had an informal interview with ICE. Nguyen Decl. at ¶ 21.

Mr. Nguyen did not expect to be taken into custody on that date as he had been complying with ISAP and his OSUP terms. He had not prepared to be without medication and was not able to fully plan with his family for his detention, including his brother — whom he lived with and provided caretaking support — as well as his daughter and his grandchildren. *Id*. at ¶¶ 12, 23.

On May 22, 2025, Petitioner's second day in ICE detention, an officer asked him to fill out documents to submit to Vietnam for a request of travel documents. *Id*. at ¶ 24. On the morning of May 23, 2025, Mr. Nguyen was transferred to the Plymouth County Correctional Facility in Plymouth, MA where he currently remains in detention as of this date. *Id*. at ¶ 25; Doc. No. 12 at ¶ 18. As of this date, Mr. Nguyen has not received any notice indicating that Vietnam has determined that they would accept his repatriation back to Vietnam, nor has he received any notice that Vietnam has issued travel documents to effectuate such repatriation. Nguyen Decl. at ¶ 24.

## ARGUMENT

Respondent argues that Immigration and Customs Enforcement ("ICE") properly detained Mr. Nguyen on May 21, 2025 to effectuate his final order of removal pursuant to their authority under 8 U.S.C. § 1231. *See* Doc No. 11 at p. 4; Doc. No. 12 at ¶¶ 11–17. Mr. Nguyen respectfully disagrees as ICE has not met their burden to show that it is significantly likely for

4

him to be returned to Vietnam now, when ICE has been unable to return him for the past three decades. *See* 8 C.F.R. § 241.13(i)(2). ICE has not introduced any specific evidence showing that Petitioner's circumstances meet Vietnam's criteria for repatriation, or how (or when) the criteria have changed so that Petitioner now meets them after years of not doing so. Individuals cannot be re-detained without warning after years of supervised release simply because ICE says it can now effectuate his removal, without an individualized showing of how they are able to do so.

### I. ICE HAS NOT SHOWN THE EXISTENCE OF ANY SPECIAL CIRCUMSTANCES TO RE-DETAIN MR. NGUYEN.

#### A. ICE's Authority to Revoke the Release of an Individual on an Order of Supervision is Limited.

ICE's authority to re-detain a person whom they were previously unable to remove does not give them free rein to detain without due process. The factors that may result in an individual's release include violation of OSUP terms and a "significant likelihood" that an individual "may be removed in the reasonably foreseeable future." *See* 8 C.F.R § 241.13(i)(1)–(2). Release from supervision is also authorized under 8 C.F.R. § 241.4, if there is a determination that an individual does not "pose a danger to the public or a risk of flight, without regard to the likelihood of the alien's removal in the reasonably foreseeable future." 8 C.F.R. § 241.13(b)(1). Mr. Nguyen has not committed any further crimes or violated his OSUP conditions since his last OSUP release in 2012. Nguyen Decl. at ¶ 12. Still, on April 30, 2025, Mr. Nguyen was forced to wear an ankle bracelet and install monitoring onto his cellphone, which ensured he would be trackable by GPS and not abscond. *Id*. at ¶ 15. Because ICE has not alleged that the reason for Mr. Nguyen's OSUP revocation was due to him violating his OSUP or being a danger to the public or a flight risk, ICE must show that his revocation of release is based on a significant likelihood that removal will occur in the reasonably foreseeable future. 8 C.F.R. § 241.13(g)(1).

5

Accordingly, the consideration of "all facts of the case" must be reviewed to determine whether prospects for timeliness of removal is "reasonable under the circumstances." *See id.* § 241.13(f). As part of this process for revoking release, ICE must also afford an individual an opportunity to rebut the Government's assertion that Mr. Nguyen's deportation is reasonably foreseeable. *See id.* § 241.13(i)(3). ICE indicates that Mr. Nguyen was given an informal interview. Doc. No. 12 at ¶ 13. However, Mr. Nguyen believes that he was given the Revocation of Release form in English but was not provided an opportunity to challenge ICE's determination. Nguyen Decl. at ¶ 21.

### B. ICE Must Sufficiently Establish the Existence of a Significant Likelihood that Removal is Reasonably Foreseeable.

Mr. Nguyen is unlawfully detained under 8 U.S.C. § 1231(a)(3). At the time of his current detention, Mr. Nguyen's 90-day removal period was completed more than a decade ago. Nguyen Decl. at ¶¶ 5–12; Doc. No. 12 at ¶ 10. *See Bailey v. Lynch*, No. CV 16-2600 (JLL), 2016 WL 5791407, at *2 (D.N.J. Oct. 3, 2016) (finding that the removal period had concluded long before re-detention for an individual who was released on an Order of Supervision that was subsequently revoked almost two years). Mr. Nguyen already had been on an OSUP dating back to at least 2012 when ICE had revoked his status. Doc. No. 12 at ¶ 10. To lawfully justify an individual's re-detention, ICE is obligated to provide specific facts supporting "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Kong v. U.S.*, 62 F.4th, 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)). Respondent states that this re-detention is authorized because they are "prepared to effectuate Petitioner's removal order in the reasonably foreseeable future." Doc. No. 11 at p. 2; Doc. No. 12 at ¶ 11. But ICE has not met its

burden to show that such statement is enough to meet the standard set forth in 8 C.F.R. 241.13(i)(2).

ICE prematurely detained Mr. Nguyen under the belief that they can soon deport him to Vietnam under a "recent" repatriation agreement. Doc. No. 11 at p. 7; Doc. No. 12 at ¶ 14. In justifying Mr. Nguyen's sudden re-detention, ICE has only provided a statement from ICE's Assistant Field Director Keith Chan, which generally references a repatriation agreement without specification of when this agreement took effect or a basis for their belief that Mr. Nguyen is one of the individuals Vietnam will issue a travel document for now when it has been unwilling to do since his removal order and subsequent OSUP release. Doc. No. 12 at ¶¶ 11–17. However, ICE has not directly provided the agreement or what the specific criteria that would allow for removals of pre-1995 refugees. Even if there is an agreement, and even if ICE can remove some pre-1995 refugees, they have provided no specific facts indicating that Vietnam is significantly likely to repatriate Mr. Nguyen, based on his own individualized immigration and/or criminal history. There is no evidence provided of how Mr. Nguyen fits within the specific criteria of this agreement, only conclusory statements that require the Court to fill in significant factual gaps to accept that Mr. Nguyen is likely to be deported soon under this agreement. There is no evidence of the process of issuance of travel documents or the criteria under this repatriation agreement. *See Salad v. Dep't of Corr.,* No. 3:25-cv-00029-TMB-KFR, 2025 WL 732305, at *14 (D. Alaska 2025) (emphasizing lack of "clear basis" for receiving country's change in position in the record). The evidence proffered by ICE at this stage suggests an investigatory intent on their part but fails to establish that Vietnam will take individuals like Mr. Nguyen or that ICE is actually prepared to effectuate his removal in the reasonably foreseeable future. *See id.* (finding that

evidence of a temporary travel document was insufficient to rebut noncitizen's showing that removal is not reasonably foreseeable).

Reasonable foreseeability of removal should be considered in terms of 8 U.S.C. § 1231(a)(6) and its purpose of ensuring an individual's "presence at the moment of removal." *See Zadvydas v. Davis*, 533 U.S. 678, 680 (2001). In this instance, detention is unreasonable because ICE had not begun the process to acquire travel documents at the time of his immediate detention. ICE also imposed preceding supervision measures through check-ins. Three weeks prior to his detainment, Mr. Nguyen was placed into intensive monitoring through ISAP that would ensure he would report to ICE as needed by phone and in-person. Nguyen Decl. at ¶¶ 14–15. Mr. Nguyen believes that he has complied to the best of his knowledge and the government has not provided information otherwise. Instead, ICE opted to detain Mr. Nguyen.

ICE's detention of Mr. Nguyen is further not justified because his removal was not "immediate" at the time of detention and grows more delayed as ICE waits for a response on the issuance of travel documents. Doc. No. 11 at p. 8. The practicality of deportation must be assessed based on individual circumstances. *DeCarvalho v. Souza,* 539 F. Supp. 3d 221, 225 (D. Mass. 2021) (identifying completion of prerequisites for removal as basis for reasonable foreseeability). Here, ICE has not shown when removal will happen. Rather, ICE has pointed only to a processing of a request for travel documentation, but no indication of the actual process to effectuate removal for individuals to Vietnam. The Supreme Court explicitly rejected the notion that reasonable foreseeability could be determined solely based on good faith efforts from the government. *See Zadvyvas*, 533 U.S. 678, 702 (remanding Fifth Circuit decision after the Fifth Circuit had determined that continued detention was lawful "as long as 'good faith efforts to effectuate ... deportation continue'"). Other courts have similarly found that more evidence is

needed beyond ICE's conclusory statements to justify detention in order to effectuate a final order of removal. *See Pouev v. Smith*, 169 F. Supp. 3d 297, 300 (D. Mass. 2016) (denying motion to dismiss because the Court required additional information to determine foreseeability beyond the submission of a travel document request and an interview with the Cambodian consulate). *See also Ahmed v. Freden*, 744 F. Supp. 3d 259, 267 (W.D.N.Y. 2024) (finding that "DHS's active efforts to obtain travel documents from Pakistan are not enough to demonstrate a likelihood of removal in the reasonably foreseeable future where the record before the Court contains no information to suggest a timeline on which such documents will actually be issued"). As such, ICE has not sufficiently established the existence of a significant likelihood of removal in the reasonably foreseeable future that would justify Mr. Nguyen's re-detention.

## II. ICE VIOLATED MR. NGUYEN'S SUBSTANTIVE DUE PROCESS RIGHTS BY UNLAWFULLY RE-DETAINING HIM

### A. The Substantive Due Process Clause of the Fifth Amendment Ensures Noncitizens with Removal Orders Have a Right Against Arbitrary and Capricious Detention.

Noncitizens, even persons with final orders of removal, are entitled to unreasonable restraints from detention after their post-order removal period. Under *Zadvydas*, noncitizens have liberty interests protected by the Constitution such that the government may detain noncitizens only "in certain special and 'narrow' nonpunitive circumstances, [where] a special justification ... outweighs the individual's constitutionally protected interest in avoiding physical restraint." 533 U.S. at 690 (2001). This includes individuals subject to a final order of deportation. *See id.* at 693–94.

As outlined previously, in instances where a noncitizen with a final order of removal is released on an Order of Supervision, the only rationales that would justify re-detention are if the

noncitizen violates the conditions of their release or if "there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *See* 8 C.F.R. § 241.13(i)(1)–(2); *Zadvydas*, 533 U.S. at 721 (Kennedy, J., dissenting) ("...aliens are entitled to be free from detention that is arbitrary or capricious."). ICE's detention is improper because Mr. Nguyen was detained on the mere belief that the Vietnamese government will issue him a travel document, with no further information proffered. *See* Doc. No. 12 at ¶ 14. The Respondent misconstrues the standard that is governed by their own regulations, which state that deportation must not only be possible, but rather that it must be significantly likely to occur in the reasonably foreseeable future. Doc. No. 11 at p. 4–5; 8 C.F.R. 241.13(i)(2). There is a great degree of difference between mere possibility and significant likelihood. Respondent's attempt to show that because other pre-1995 Vietnamese nationals are being deported to Vietnam under a repatriation agreement between the U.S. and Vietnam, Mr. Nguyen will likely be deported in the reasonably foreseeable future. Doc. No. 12 at ¶¶ 11, 16. But Respondent has failed to show how the mere possibility of deportation is equivalent to a significant likelihood of Mr. Nguyen's deportation occurring in the reasonably foreseeable future, especially when Respondent does not allege that travel documents for Mr. Nguyen have been successfully procured to Vietnam or if Vietnam will accept Mr. Nguyen.

### B. Mr. Nguyen Can Challenge His Re-Detention Because His Re-Detention is Based On a Violation of His Due Process Rights.

Mr. Nguyen has the right to challenge his re-detention because it is a violation of his right to Substantive Due Process under the Fifth Amendment. Respondents argue that because Mr. Nguyen was detained for less than a month and will not face indefinite detention, he is precluded from challenging his petition at this time. Doc. No. 11 at pp. 8–11. Respondents presume

incorrectly that Mr. Nguyen is restricted from raising due process claims based on the duration of this instance of detention. *Id.* at 9. However, as outlined above, Mr. Nguyen is more than a decade beyond the initial reasonable period of post- removal detention. The basis of his detention is unconstitutional because ICE has not proved that there is a significant likelihood that Mr. Nguyen would be deported. *See* 8 C.F.R. § 241.13(i)(2). Noncitizens may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689 (2001); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) (stating that *Zadvydas* does not "automatically authorize all detention until it reaches constitutional limits" and that the "six-month presumption is not a bright line"). Requiring Mr. Nguyen to wait a prolonged six months for judicial review would unfairly restrict his ability to challenge unlawful detention and allow ICE to continue discretionarily carrying out arbitrary detention in anticipation of securing travel documents for removals that are not reasonably foreseeable. *See Rombot v. Souza*, 296 F. Supp. 3d 383, 389 (D. Mass. 2017) ("The Supreme Court has recognized that an 'alien may no doubt be returned to custody upon a violation of [supervision] conditions,' but it has never given ICE a carte blanche to re-incarcerate someone without basic due process protection.'") (internal citations omitted). ICE should not be allowed to benefit from ignoring the process of revoking release to now force Mr. Nguyen to wait either an extended period or until he is deported. The time that Mr. Nguyen has spent while needlessly waiting in detention has had a rippling impact on his well-being and separates him from his family and community. Nguyen Decl. at ¶¶ 12, 23.

## CONCLUSION

Based on the foregoing, Mr. Nguyen respectfully reiterates his request that the Court grant his Petition for Writ of Habeas Corpus and order Mr. Nguyen's immediate release from detention.

Respectfully submitted,

DONG VAN NGUYEN
Petitioner

Date: June 4, 2025

By his attorney,
*/s/ Janet H. Vo*
Janet H. Vo, BBO# 694402
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
(617) 603-1651
Jvo@gbls.org

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first class mail.

*/s/ Janet H. Vo*
Janet H. Vo

Dated: June 5, 2025