UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONG VAN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 1:25-cv-11470-MJJ |
| v. | ) | |
| | ) | |
| PATRICIA HYDE, Acting Director of the Boston | ) | |
| Field Office, U.S. Immigration and Customs | ) | |
| Enforcement; TODD LYONS, Acting Director | ) | |
| of the U.S. Immigration and Customs Enforcement; | ) | Leave to File Granted |
| KRISTI NOEM, Secretary of the U.S. Department | ) | on 06/20/2025 |
| of Homeland Security; PAMELA BONDI, | ) | |
| Attorney General of the United States, and | ) | |
| ANTONE MONIZ, Superintendent of Plymouth | ) | |
| County Correctional Facility in their | ) | |
| official capacities; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## PETITIONER'S SUPPLEMENTAL MEMORANDUM
## TO ADDRESS NEWLY INTRODUCED EVIDENCE

On June 17, 2025, Respondents supplemented their Opposition to Petitioner's Writ of Habeas Corpus Petition with the submission of the following evidence into the record: (1) Supplemental Declaration of U.S. Immigration and Customs Enforcement's Assistant Field Office Director Keith Chan ("Supplemental Chan Declaration") and (2) Memorandum of Understanding Between the Department of Homeland Security of the United States of America and the Ministry of Public Security of the Socialist Republic of Vietnam on the Acceptance of the Return of Vietnamese Citizens Who Arrived in the United States Before July 12, 1995 and

1

Who Have Been Ordered Removed from the United States ("2020 MOU"). Doc. Nos. 21-1, 21-2.

1. **No Individualized Determination of "Changed Circumstances"**

Respondents, U.S. Department of Homeland Security's Immigration and Customs Enforcement ("DHS ICE") still do not establish that they made an individualized determination of changed circumstances to support their "belief" that there is a significant likelihood that Petitioner Nguyen's removal will occur in the reasonably foreseeable future. Doc. No. 12 at ¶ 14. When revoking the release of an individual on an Order of Supervision, who is beyond their removal period, Respondents must follow due process. 8 C.F.R. § 241.13(i). Respondents are required to make an individualized determination as to changed circumstances that may support their claim of significant likelihood of removal in the reasonably foreseeable future. *Kong v. U.S.*, 62 F.4th, 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)). In making this determination and attempting to remove an individual, all facts of a case must be considered and "the prospects for the timeliness of removal must be reasonable under the circumstances". § 241.13(f). Re-detained individuals should also be provided with reasons for revocation to properly contest facts underlying the revocation. § 241.13(i).

Respondents supplemented the record with a version of the 2020 MOU containing significant redactions that limits comprehension as to priority and eligibility for repatriation of individuals who arrived in the U.S. prior to 1995. *See* Doc No. 21-2 at pp. 2-3. Section 4 outlines four criteria for "Eligibility for Acceptance of Return" but redacts paragraph 4 which leaves uncertainty as to whether Mr. Nguyen meets all of these criteria. *Id.* at pp. 2-3. The Respondents also have not shown from the time the 2020 MOU was signed up until Mr. Nguyen's detainment what specifically within this agreement and the relationship between the U.S. and Vietnam has

shifted to now make Mr. Nguyen's repatriation reasonably foreseeable. As a result, the 2020 MOU presented holds limited evidentiary value in showing the changed circumstances DHS ICE allegedly used to determine Mr. Nguyen's current qualification for repatriation and likelihood for an issuance of a travel document. *See* Doc No. 21-2 at pp. 2-3.

Further, the Supplemental Chan Declaration does not provide sufficient information as to the changed circumstances that apply to Mr. Nguyen's likelihood of removal in the reasonably foreseeable future. Though the declaration reports an increase in detention from Fiscal Year 2024 to 2025, it offers no discussion of how Mr. Nguyen's own immigration, criminal or personal background is similarly situated to the individuals who were removed. Doc. No. 21-1. DHS ICE's reported numbers are factually insufficient and do not specify the number of detentions or arrests in comparison to actual removal of pre-1995 Vietnamese nationals with final orders of removal due to prior criminal convictions. *Id.* Without this broader context, it remains impossible to assess Mr. Nguyen's individualized likelihood of removal to Vietnam.

Because of the limited information available in the 2020 MOU and DHS ICE's limited factual basis as to the changed circumstances, Respondents have not shown what criteria Mr. Nguyen meets under Section 5 and Section 6 of the MOU for repatriation. Doc. No. 21-2 at 3. This MOU, along with the Supplemental Chan Declaration, also cannot be read to conclude that all pre-1995 individuals with Vietnamese citizenship and removal orders are eligible for repatriation let alone that Mr. Nguyen is one of the individuals who is likely to be accepted by Vietnam. Neither does it show what are the changed circumstances that now make Mr. Nguyen specifically eligible for repatriation. Additionally, the MOU outlines in Section 8, paragraph 6 that, "No one factor or combination of factors included in this MOU is expected to be dispositive of the individual's removal and acceptance to Viet Nam." Doc. No. 21-2 at 4. The initiation of a

3

request for travel documents as a part of the process just shows a possibility of removal, but not a significant likelihood in the foreseeable future to justify Mr. Nguyen's re-detention. *Id.*

**2. Petitioner's Continued Unlawful Detention is Not Necessary to Effectuate Removal**

Respondents continue to provide no factual basis as to why Mr. Nguyen's detention is necessary for effectuating his removal. The Supplemental Chan Declaration does not provide a timeline for the process of DHS ICE's attempt to remove Mr. Nguyen from Vietnam, which remains uncertain. DHS ICE still does not have an approved travel document for Mr. Nguyen. Doc. No. 21-1 at ¶ 8. Further, the Respondents have not provided any information about the expected date or likelihood of the issuance of a travel document. *See* Doc. No. 21-1. Though the 2020 MOU outlines a procedure for evaluation of the issuance of travel documents, the document states that there is no guarantee that every individual that DHS ICE refers to for repatriation will be accepted, as Vietnam's Ministry of Public Security will have its own factors for consideration. Doc. No. 21-2 at pp. 3, 4-5. And Respondents have not provided sufficient evidence to evaluate the likelihood that Vietnam would allow for his repatriation.

When re-detaining an individual on an Order of Supervision, the Respondents should also justify its purpose for re-detention and whether it ensures an individual's "presence at the moment of removal." *See Zadvydas v. Davis*, 533 U.S. 678, 680 (2001). Respondents do not dispute that the Petitioner was a flight risk or a danger to the community at the time of his detention during the 12 years he was on supervised released. Doc. Nos. 11, 11-1. Mr. Nguyen was enrolled into the Intensive Supervision Appearance Program as part of Alternatives to Detention prior to his re-detention. Doc. No. 16-1 at ¶ 14-15. This program's restrictive measures ensured that Mr. Nguyen complied with the terms of ICE's supervision of release and that he would be available for removal if it were determined to be foreseeable.

4

Of note, Section 3 of the 2020 MOU also instructs removal to be carried out in a "orderly and safe manner, and with the full respect for the human dignity of the individuals repatriated, and with consideration of the humanitarian and family unity aspects of repatriation." Doc. No. 21-2 at 2. Respondents never afforded Mr. Nguyen any dignified treatment or due process when taking him into custody without notice and forcing him into excessive restraints on his physical liberty. First, the detention deprived Mr. Nguyen of delayed access to medication when he was taken in at the ICE Boston Field Office on May 21, 2025. Doc. No. 16-1 at ¶¶ 21-23. Second, detention unnecessarily separated him from his family and deprived him of his livelihood in the last month as ICE continues to show no changed circumstances or a significant likelihood that removal will happen in the foreseeable future. This re-detention was unnecessary from the beginning since Mr. Nguyen was already enrolled in an intensive monitoring program that placed a physical restraint on him and allowed ICE to track him on a 24-hour basis.

Mr. Nguyen risks repeated indefinite detention if the Respondents are allowed to detain individuals on OSUP without due process anytime it believes they can discretionally detain a person on a mere belief of repatriation. *See Zadvydas,* 533 U.S. at 679 (limiting detention to a "period reasonably necessary to bring about that alien's removal" and considering risks of potentially "indefinite detention"). Mr. Nguyen has a significant liberty interest in being free from physical restraints and detention and returning to his family until Respondent are able to show that removal is reasonably foreseeable. By keeping Mr. Nguyen in unnecessary and unlawful detention this past month, with no anticipated date or likelihood of issuance of a travel document, his liberty interests remain violated under the Substantive Due Process Clause of the Fifth Amendment.

3. **Request for Relief**

Petitioner Nguyen respectfully asks the Court to consider the limited evidence on record presented by Respondents and Order the Respondents to immediately release from custody with no further restraints on his liberty.

Respectfully submitted,

DONG VAN NGUYEN,

Dated: June 20, 2025

By his attorney,

*/s/ Janet H. Vo*
Janet H. Vo, BBO# 694402
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
(617) 603-1651
Jvo@gbls.org

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first class mail.

*/s/ Janet H. Vo*
Janet H. Vo

Dated: June 20, 2025